FILED
2013 Oct-07  PM 03:10
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| LISA WILSON, GINA FULTON, ) | |
| RHONDA SIMPSON, and ) | |
| SONDRA KEATON, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **Civil Action No. CV-13-S-1008-NE** |
| ) | |
| BIG LOTS, INC., ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

This case is before the court on a "Notice of Lack of Capacity to Sue as to Plaintiff Gina Fulton" filed by defendant, Big Lot Stores, Inc.:[1]  a pleading that this court previously construed as a motion to dismiss the claims of Gina Fulton for not being pursued by the real party in interest.[2]  *See* Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.").  The facts undergirding that pleading are as follows:  plaintiff Gina Fulton filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 13,

---

[1] *See* doc. no. 7 (defendant's Notice of Lack of Capacity to Sue as to Plaintiff Gina Fulton). The caption of the complaint identifies the defendant as "Big Lots, Inc.," but defense counsel represents that is a misnomer, and that the true corporate name is "Big Lots Stores, Inc."  *See* doc. no. 8 (Motion to Dismiss Claims of Sondra Keaton), at 1.

[2] *See* doc. no. 9 (order construing the foregoing Notice as a motion to dismiss the claims of Gina Fulton).

2012.[3]  She died two months later, on October 27, 2012:[4]  four months before the
EEOC mailed a notice of Ms. Fulton's right to sue to the attorney representing
plaintiffs (*i.e.*, on February 28, 2013).[5]  The present action was commenced on behalf
of Gina Fulton and three other individuals on May 28, 2013:  *i.e.*, seven months after
the date of Ms. Fulton's death.  The complaint contains not one word, not even a hint,
that Ms. Fulton had died seven months before the commencement of the action.[6]

In response to defendant's "Notice of Lack of Capacity to Sue as to Plaintiff
Gina Fulton," plaintiffs' attorney states that:  "The law firm of Harris, Skipworth &
King represented Leslie Fulton, [the] closest family member [of Gina Fulton]"; and
that, "[o]n January 9, 2013, Leslie Fulton was appointed as Conservator and Guardian
in Lauderdale County Probate Court of the only minor child [of Gina Fulton]."[7]  That
was nearly five months before this action was filed.  Even so, the claims of Gina
Fulton were not asserted by Leslie Fulton in her (or his) representative capacity as

---

[3] *See* doc. no. 1-1, at 4 (Fulton Charge of Discrimination).

[4] *See* doc. no. 11 ("Plaintiff's, Gina Fulton, Response to Defendant's Notice of Lack of
Capacity to Sue") ¶ 2, at 1-2 ("Unfortunately, Plaintiff [Gina Fulton] died on October 27, 2012.
Plaintiff was unmarried at the time of her death and had only one minor child, the soul [*sic*] heir,
McKenzie Grace Strange.  Plaintiff died intestate with minimal assets.") (alteration supplied).

[5] See doc. no. 1-1, at 3 ("Notice of Right to Sue (*Issued on Request*)" (emphasis in original),
(stating in pertinent part that "More than 180 days have passed since the filing of this charge"; and
"The EEOC is terminating its processing of this charge.").

[6] *See* doc. no. 1 (Complaint) ¶¶ 15-25, at 4-5.

[7] Doc. no. 11 ("Plaintiff's, Gina Fulton, Response to Defendant's Notice of Lack of Capacity
to Sue") ¶ 3, at 2 (alteration supplied); *see also* note 4, *supra*.

*either* the guardian of the sole heir and minor child of Gina Fulton, *or* as personal

representative of the estate of Gina Fulton, deceased.  *See* Fed. R. Civ. P. 17(a)(1).[8]

The only explanation provided by plaintiffs' attorney is that "it took some time for

Plaintiff's [*sic*] counsel to locate the proper representative of the Plaintiff's estate";

and, Leslie Fulton only recently retained plaintiffs' attorney "to represent any claims

to which the minor child is entitled and is a willing participant in pursuit of those

claims."[9]

---

[8] Rule 17 (a)(1) provides that:

> An action must be prosecuted in the name of the real party in interest.  The following may sue in their own names without joining the person for whose benefit the action is brought:
> (A)  an executor;
> (B)  an administrator;
> (C)  a guardian;
> (D)  a bailee;
> (E)  a trustee of an express trust;
> (F)  a party with whom or in whose name a contract has been made for another's benefit; and
> (G)  a party authorized by statute.

Fed. R. Civ. P. 17(a)(1).

[9] Doc. no. 11 ("Plaintiff's, Gina Fulton, Response to Defendant's Notice of Lack of Capacity to Sue") ¶¶ 4-5:

> 4.  Due to the nature of the death and the lack of knowledge of the lawsuit on the part of the Conservator/Guardian, it took some time for Plaintiff's counsel to locate the proper representative of the Plaintiff's estate and to obtain an executed Firm Agreement giving written permission for representation.

> 5.  Conservator/Guardian Leslie Fulton retained, by written permission, the undersigned counsel last week to represent any claims to which the minor child is entitled and is a willing participant in pursuit of those claims.

The fundamental question that must be addressed under the, to say the least, *peculiar facts* of this case is whether a cause of action under the federal employment discrimination statutes upon which no suit had been filed prior to the date of a claimant's death survives in favor of the personal representative of the decedent's estate?

If that question is answered affirmatively, the second issue that arises is: Should the claims of Gina Fulton, nevertheless, be dismissed, due to the failure of plaintiffs' counsel to assert them in the name of the duly appointed representative of her estate: "the real party in interest"?

## I.  SURVIVAL OF EMPLOYMENT DISCRIMINATION CLAIMS

The EEOC's Compliance Manual addresses the circumstance in which a claimant dies prior to the Commission's resolution of her charge of discrimination in the following manner:

> If the charging party/complainant dies and there are no indications of class violations . . . *the legal unit should determine whether a cause of action under state law survives the party and who inherits the rights and interests arising out of the charge*, *i.e.*, who may request action on the case, who would receive any monetary award, and who would be entitled to sue or obtain a NRTS [notice of right to sue]. *If a charge does not survive the party's death under state law*, or if the charging party's

---

Plaintiff's counsel does not elucidate what she means by stating that, "[d]ue to the nature of the death [of Gina Fulton] . . . it took some time for Plaintiff's counsel to locate the proper representative of the Plaintiff's estate and to obtain an executed Firm Agreement giving written permission for representation." *Id*. ¶ 4 (alterations supplied).

> cooperation was necessary to the investigation and a disposition cannot be obtained, dismiss the case by sending Letter 4-C and/or Form 161 (complete the other block to read: "the Charging Party is deceased").

EEOC Compl. Man. § 4.4(d), 2006 WL 4672949 (emphasis and alteration supplied).

The most relevant Alabama statute on the question of the survival of such claims reads as follows:

> In all proceedings not of an equitable nature, all claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except for injuries to the reputation, survive in favor of and against personal representatives; and all personal claims upon which no action has been filed survive against the personal representative of a deceased tort-feasor.

Ala. Code § 6-5-462 (1975) (2005 Replacement Vol.).  In other words, a claim sounding in tort for which no action has been filed prior to the death of the victim of the tort (the would-be plaintiff) generally does *not survive* the death of the decedent in favor of the personal representative of the decedent's estate.  *See*, *e.g.*, *Continental National Indemnification Co. v. Fields*, 926 So. 2d 1033, 1037 (Ala. 2005); *Bassie v. Obstetrics & Gynecology Associates of Northwest Alabama, P.C.*, 828 So. 2d 280, 282 (Ala. 2002); *Gillilan v. Federated Guaranty Life Insurance Co.*, 447 So. 2d 668, 674 (Ala. 1984).

The foregoing statute applies because, conceptually speaking, the elements of disparate treatment claims under the federal employment discrimination statutes are

not greatly different from the elements of a common-law tort claim based upon a theory of the defendant's negligence or other actionable misconduct (*e.g.*, "wantonness," or intentional, reckless behavior).[10]   "Duties" are imposed upon "employers" (a term defined by each employment discrimination statute in various ways), and the "breach of duty" element of a traditional, common-law tort claim is satisfied by proof that an employer *intentionally* discriminated against an employee on the basis of one of the characteristics protected by the federal statute.  Proof of a causal linkage between the first two elements completes the claim, filling the place occupied by the concept of "proximate cause" in the lexicon of common-law tort law.  *Cf.*, *e.g.*, *Llampallas v. Mini-Circuits, Lab, Inc*., 163 F.3d 1236, 1245-46 (11th Cir. 1998).[11]

---

[10] As outlined by Dean Prosser, there are four classic elements of a common-law tort claim based upon a theory of the defendant's negligence or wanton misconduct:  *i.e.*,

   1. a duty imposed (or obligation recognized) by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks of injury or damage ("duty");

   2. a failure on the actor's part to conform to the standard required ("breach of duty");

   3. a reasonably close causal connection between the conduct complained of and the plaintiff's injury ("proximate cause"); and,

   4. actual loss or damages sustained by the plaintiff.

*See* William L. Prosser, *Law of Torts* § 30, at 143 (4th ed. 1971).  The third and fourth elements often are conflated:  *e.g.*, "loss or damage as a proximate result of the defendant's breach of duty."

[11] Former Chief Judge Gerald Bard Tjoflat wrote for the panel in the *Llampallas* case, and

Even so, there appears to be a narrow exception to the general rule stated by Alabama Code § 6-5-462 that a claim sounding in tort for which no action has been filed does not survive the death of the would-be plaintiff in favor of the personal representative of the decedent's estate.  In *Callens v. Jefferson County Nursing Home*, 769 So. 2d 273 (Ala. 2000), the Alabama Supreme Court held that a notice of claim filed with the Jefferson County Commission one month prior to the plaintiff's death "was sufficient to constitute a filing within the meaning of § 6-5-462"; and, therefore, suit could be commenced by the personal representative of the decedent's estate.  *See id*. at 277-78 ("By complying with § 6-5-20 [the statute that prohibits a claimant from commencing a civil action against a county government unless the claim has first been

---

described the elements of a Title VII disparate treatment claim in the following manner:

> To succeed in proving intentional discrimination under [42 U.S.C. § 2000e–2(a)(1)], . . . a plaintiff must establish by a preponderance of the evidence: (1) a discriminatory animus towards him (*i.e.*, an attitude towards the plaintiff held because of one of the listed characteristics), *see International Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15, 97 S. Ct. 1843, 1854 n.15, 52 L. Ed. 2d 396 (1977) (stating that in disparate treatment cases, "[p]roof of discriminatory motive is critical, although it can in some situations be inferred from the mere fact of differences in treatment"), (2) an alteration in the terms and conditions of his employment by the employer, and (3) a causal link between the two.  *Cf. Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998) (establishing the elements for a prima facie case under § 2000e-3(a) (1994), which prohibits adverse employment action because of the plaintiff's conduct instead of adverse employment action because of the plaintiff's [protected] characteristics). . . .

*Llampallas*, 163 F.3d at 1245-46 (footnote omitted) (first and third alterations supplied, second alteration in original).

presented to, and disallowed by, the county commission],[12] Callens took the appropriate action to allow the personal-injury claims to survive Presley's death.") (alteration supplied).

The peculiar facts of this case present an analogous circumstance.  Gina Fulton's death on October 27, 2012 occurred after the date on which she filed her charge of discrimination with the EEOC (*i.e.*, August 13, 2012), but before the date upon which the EEOC mailed a notice of her right to sue to plaintiffs' attorneys (*i.e.* February 28, 2013).  Based upon the *ratio decindi* of the *Callens* case, her employment discrimination claim survived her death under Alabama law, and could have been commenced by the personal representative of her estate.

## II.  SHOULD THE CLAIM, NEVERTHELESS, BE DISMISSED?

Federal Rule of Civil Procedure 17 provides the rule for decision, and the pertinent portion reads as follows:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.  After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party

---

[12] Alabama Code § 6-5-20 states: "(a) An action must not be commenced against a county until the claim has been presented to the county commission, disallowed or reduced by the commission and the reduction refused by the claimant.  (b) The failure or refusal of such a county commission to enter upon its minutes the disallowance or reduction of the claim for 90 days is a disallowance." Ala. Code § 6-5-20 (1975) (2005 Replacement Vol.).

in interest.

Fed. R. Civ. P. 17(a)(3).  Accordingly, defendant's "Notice of Lack of Capacity to Sue as to Plaintiff Gina Fulton," construed as a motion to dismiss the claims of Gina Fulton for not being pursued by the real party in interest, is DENIED, but plaintiffs must file an amended complaint, on or before October 14, 2013, substituting the personal representative of the estate of Gina Fulton, deceased:  the real party in interest.[13]  If an amended complaint is not filed by October 14, 2013, the claims asserted on behalf of Ms. Fulton will be dismissed with prejudice.

DONE this 7th day of October, 2013.

_____
United States District Judge

---

[13] Plaintiffs are advised that this court does not allow piecemeal amendments.  Thus, the amended complaint should contain *all* claims asserted by *all* plaintiffs against *all* defendants within the four corners of a single document.