FILED
 2013 Oct-07  PM 03:13
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| LISA WILSON, GINA FULTON, RHONDA SIMPSON, and SONDRA KEATON, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| BIG LOTS, INC., | ) ) ) |
| Defendant. | ) |

Civil Action No. CV-13-S-1008-NE

## MEMORANDUM OPINION AND ORDER

This action was commenced on May 28, 2013, on behalf of four plaintiffs: *i.e.*, Lisa Wilson, Gina Fulton, Rhonda Simpson, and Sondra Keaton. The complaint asserts claims against Big Lots, Inc.,[1] the employer or former employer of each plaintiff, for sex-based harassment, hostile work environment, and retaliation, based upon Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.[2] Plaintiffs Simpson and Keaton also assert claims for wrongful termination pursuant to Title VII.[3] The case currently is before the court on defendant's motion to dismiss the claims of plaintiff Sondra Keaton, pursuant to Federal Rule of Civil Procedure

---

[1] Defendant asserts that it has been incorrectly identified as Big Lots, Inc., but that its true corporate name is "Big Lots Stores, Inc." *See* doc. no. 8 (Motion to Dismiss Claims of Sondra Keaton), at 1.

[2] *See* doc. no. 1 (Complaint).

[3] *Id.* at 14-15.

12(b)(6), for failure to satisfy the administrative prerequisites to filing suit under Title VII.[4]

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). That rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While those combined pleading standards do not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), they do demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.
>
> To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The

---

[4] Doc. no. 8.

plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations*, *a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief*.

*Iqbal*, 556 U.S. at 678-79 (emphasis added).

## II.  DISCUSSION

Defendant argues that Keaton's claims should be dismissed because she has not yet received notice of her right-to-sue from the Equal Employment Opportunity Commission ("EEOC").

> Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge. *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215 (5th Cir. Unit B 1982), *cert. denied*, 459 U.S. 1105, 103 S. Ct. 729, 74 L. Ed. 2d 954 (1983) (citing, *inter alia*, 42 U.S.C.A. § 2000e-5(f)(1)).  Further, if, after the expiration of 180 days, the charge has not been dismissed and no other action has been taken by the EEOC, the EEOC is required to notify the claimant and that claimant may bring suit in district court within 90 days thereafter. 42 U.S.C.A. § 2000e-5(f)(1).

*Forehand v. Florida State Hospital at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996) (footnotes omitted).[5]

---

[5] The statute cited by the Eleventh Circuit provides, in pertinent part:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

Keaton acknowledges that she has not yet received a right-to-sue letter from the EEOC. She states that she filed her EEOC charge in November of 2012, and subsequently was informed "that a 'cause of finding' was being issued on Keaton's Charge and a Right-to-Sue would be forthcoming."[6] Keaton also states that her attorney requested the EEOC to issue a right-to-sue letter "since the 180 days had expired for the EEOC to conduct their investigation."[7] However, she has not received the right-to-sue letter, and she also apparently has not been notified by the EEOC that no action has been taken on her claim and she has 90 days to sue.

"[T]he receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit in district court, but rather, is a condition precedent subject to equitable modification." *Forehand,* 89 F.3d at 1567-68 (citing *Pinkard,* 678 F.2d at 1216; *Fouche v. Jekyll Island-State Park Authority*, 713 F.2d 1518, 1525 (11th Cir.1983)) (alteration supplied). It would not be equitable to dismiss plaintiff's claims for failure to exhaust administrative remedies when her failure to exhaust administrative remedies actually is attributable to the EEOC's failure to either issue notice of plaintiff's right-to-sue, or to inform plaintiff of her right to file suit due to the passage of 180 days since the filing of her charge. Accordingly, defendant's motion to dismiss is DENIED. Keaton will

---

42 U.S.C. § 2000e-5(f)(1).

[6] Doc. no. 10 ¶ 3.

[7] *Id.*

be allowed an additional ninety (90) days to supplement her complaint by filing a right-to-sue letter from the EEOC.  If Keaton still has not received a right-to-sue letter once the 90-day deadline has passed, her claims will be dismissed, but without prejudice to her right to re-file them, in a separate case, after receiving a right-to-sue letter.

DONE and ORDERED this 7th day of October, 2013.

_____
United States District Judge